# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

ROBERT W. LEE, DBA LEE, GOBER & REYNA,

    Plaintiff,

CASE NO.: 1:17-cv-1082

-vs-

PRUDENT PUBLISHING CO. INC. DBA. THE GALLERY COLLECTION,

    Defendant.

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

1.    Since 2015, Plaintiff law firm, Lee Gober & Reyna, has been bombarded every fall with junk faxes from Defendant, Prudent Publishing Co. Inc. dba The Gallery Collection, a seller of holiday cards.

2.    Plaintiff's law office system is set up so that each attorney and legal assistant at the firm gets a copy of these faxes to their firm email address, so that each person must open the email every time and check the message to determine that once again, it is junk.

3.    Adriana Lee, an assistant at Lee Gober & Reyna, has repeatedly faxed "Please remove from your list" to the number provided by Defendant, and she has also repeatedly called the defendant asking them to stop the faxes.

COMPLAINT AND DEMAND FOR JURY TRIAL    1

4. The faxes have begun arriving again in 2017.

5. Fed up with the unstoppable torrent of junk faxes, Plaintiff brings this complaint for Prudent Publishing Co. Inc. dba The Gallery Collection's repeated purposeful violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## PARTIES

6. Plaintiff Robert Lee dba Lee Gober & Reyna is a individual with a law firm in Austin, Texas where it maintains telephone facsimile equipment.

7. Defendant Prudent Publishing Co. Inc. dba. The Gallery Collection ("Prudent Publishing") is a foreign corporation registered in New Jersey with a registered agent in New Jersey of Alan M. Solow; 65 Challenger Road, Ridgefield, New Jersey, 07660.

## JURISDICTION

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (general federal question) and 47 U.S.C. §227(a) (TCPA). Supplemental jurisdiction over the state-law claims exists under 28 U.S.C. § 1367.

## FACTUAL ALLEGATIONS

9. Prudent Publishing has sent multiple unsolicited advertising messages via fax to Plaintiff at his number, (512) 478-8081.

10. Plaintiff had no prior business relationship with Prudent Publishing

and had not authorized the sending of fax advertisements to it's facsimile machine within 18 months of the receipt of the faxes.

11. There is no reasonable means for Plaintiff and his employees to stop receipt of Prudent Publishing's unsolicited junk faxes. The ability to receive faxes must remain open in order to receive communications which the Plaintiff has authorized, such as communications from clients, courts, and witnesses.

12. Defendant does have an "opt out notice" and number for removal of Plaintiff's number from the defendant's list as required by the TCPA; however, Defendant completely failed to acknowledge Plaintiff's repeated requests for opt out.

13. Plaintiff's first request for opt-out did two things:

   a. Plaintiff argues there was never permission to send these faxes; however, if there was, the opt-out fax rescinded any perceived permission to send.

   b. The opt-out faxes and calls to Plaintiff's office put Defendant on actual notice that Plaintiff did not give permission for these faxes.

14. Defendant sent unsolicited advertising faxes to Plaintiff multiple times over the past years, including but not limited to the following dates:

| **Date** | **Plaintiff response** |
| --- | --- |
| 11-17-2015 | |

| | |
|---|---|
| 11-19-2015 | Plaintiff responded "Remove please" |
| 12-2-2015 | |
| 12-3-2015 | |
| 12-8-2015 | |
| 9-6-2016 | Plaintiff responded "Remove Please" |
| 10-11-2016 | Remove please "8th notice, remove please" |
| 11-14-2016 | Adriana called on phone to request stop. |
| 11-15-2016 | Fax back – "remove please" |
| 11-17-2016 | |
| 11-29-2016 | |
| 12-1-2016 | |
| 12-6-2016 | |
| 12-12-2016 | |
| 9-12-2017 | |
| Faxes continue to arrive | |

15. Despite actual knowledge of the lack of express or implied permission for these advertising faxes, Defendant continued to send advertising year after year.

16. Plaintiff never gave consent for these faxes; but if he did, Plaintiff repeatedly expressly revoked consent

17. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse, calling the Plaintiff despite not having her express permission to call her aforementioned cellular telephone number.

18. Plaintiff expressly revoked consent to Defendant's placement of telephone calls to Plaintiff's aforementioned cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice upon Defendant's placement of the calls.

19. Defendant continued to leave voice messages using a pre-recorded or artificial voice message when calling the Plaintiff, despite acknowledging they did not have her express permission to do so.

20. Defendant's corporate policy and procedures are structured as to continue to fax small businesses such as that owned by Plaintiff, despite these individuals revoking any consent the Defendant may have had.

21. Defendant violated the TCPA with respect to the Plaintiff.

22. Defendant willfully or knowingly violated the TCPA with respect to the Plaintiff.

23. The TCPA, in this instance, creates such a cognizable right. It is clear from the legislative history of the statute that the TCPA's prohibition against sending unsolicited fax advertisements was intended to protect citizens from the loss of the use of their fax machines during the transmission of fax data. *See* H.R.

REP. NO. 102-317, at 10 (1991) ("FACSIMILE ADVERTISING[:] . . . This type of telemarketing is problematic for two reasons. First, it shifts some of the costs of advertising from the sender to the recipient. Second, it occupies the recipient's facsimile machine so that it is unavailable for legitimate business messages while processing and printing the junk fax." (emphasis added)).

<u>COUNT I</u>
(VIOLATION OF THE TCPA)

24. Plaintiff incorporates Paragraphs one (1) through twenty-two (22).

25. In order to stop the unending harassment by telemarketing and junk faxes, Congress enacted the TCPA. Section 227(b)(1)(C) of the TCPA makes it unlawful to send an unsolicited advertisement to a telephone facsimile machine. Section 227(b)(1)(C) provides in part: (b) Restrictions on use of automated telephone equipment (1) Prohibitions: It shall be unlawful for any person within the United States– (C) to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine; 47 U.S.C. §227(b)(1)(C).

26. The TCPA provides a private right of action for a violation of §227(b), pursuant to which a person or entity may recover $500 for each violation, and treble that amount if defendant willfully or knowingly violated the provision.

27. The TCPA provides in part: (3) Private right of action: A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in

an appropriate court of that State, (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions.

28. If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

29. Defendant violated the TCPA 47 U.S.C. §227(b)(1)(C) by sending unsolicited advertisements to telephone facsimile machines of plaintiff and the putative class members.

30. Plaintiff was damaged as a result. Plaintiff and his law firm lost time from opening and reviewing these faxes. In addition, his business lost the valuable time of assistant Ms. Adriana Lee who had to repeatedly send "opt out" notices to Defendant and also research phone numbers and spend time calling Defendant in an effort to stop these faxes. Plaintiff's fax system is electronic, through the company "Myfax.com" and he pays a monthly amount for a set number of faxes, but also pays for any overages so he does additional possible economic loss.

31. Notably, a prevailing plaintiff need not have suffered any monetary

loss in order to recover statutory damages. *Chapman v. Wagener Equities, Inc.*, 747 F.3d 489, 491 (7th Cir.2014) ("[N]o monetary loss need be shown to entitle the junk-fax recipient to statutory damages.").

32. On information and belief defendant willfully and knowingly violated the TCPA as demonstrated by defendant sending a facsimile advertisement to plaintiff.

33. Unless enjoined from doing so, defendant is likely to commit similar violations in the future as evidenced by the indiscriminate nature of the fax.

### JURY DEMAND

Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

> Respectfully submitted,
>
> Amy E. Clark
> Texas Bar #: 24043761
> Amy Clark Law
> 11801 Domain Blvd. 3rd Floor
> Austin, Texas 78758
> Tele: 512.850.5290
> amy@amyclarklaw.com
> Attorney for Plaintiff